[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case primarily concerns post judgement motions filed by both the plaintiff and the defendant primarily seeking a modification of court ordered child support. The following history of the case is relevant.
On September 8, 1997, a judgement of dissolution, which incorporated a separation agreement of the parties, was entered by the court (Zarella, J.). Under the terms of the agreement, the parties were given joint custody of two minor children: Zachary T. Zemantic, born October 25, 1989, and Hayley M. Zemantic, born February 2, 1993, with the physical residence of the children to be with the plaintiff mother. The father was also given reasonable rights of visitation including alternating weekends from Friday night to Monday morning, one additional night per week, two weeks in the summer, and liberal visitation during the Christmas holidays.
The defendant's financial affidavit, as of the date of dissolution, indicated that he was employed and had a gross income of $793.18 per week. The plaintiff's financial affidavit indicated that she too was employed with a gross income of $349.00 per week. At that time, the defendant was ordered to pay child support in the amount of $190 per week for the two children, in accordance with the child support guidelines CT Page 2399 then in existence. It was also agreed, and ordered, that the father would be entitled to claim both children as exemptions for income tax purposes.
On February 16, 2000, the defendant filed a post judgement motion seeking a reduction in child support claiming that his income had been reduced to workman compensation benefits because he had been injured at work. On February 28, 2000, the plaintiff filed a post judgement motion seeking an increase in child support as well as contributions to child care costs. A hearing on these motions was scheduled for March 13, 2000, at which time the defendant's financial affidavit indicated that his gross weekly income was $532.00 and the plaintiff's affidavit reflected a gross weekly income of $592.00. With the agreement of the parties, the court entered orders reducing the defendant's child support to $156.00 per week and ordered him to contribute an additional $31 per week toward day care costs. The defendant was also ordered to notify the plaintiff within 24-hours of his return to work. It appears that he failed to do so.
On November 13, 2000, the plaintiff filed post judgement motions seeking an increase in child support based upon the fact that the defendant had resumed full time employment resulting in an increase in his income. She also asked to be able to claim one of the children as a tax exemption and that she be awarded attorney's fees. On November 28, 2000, the defendant also filed post judgement motions seeking a modification of child support and attorneys' fees
A hearing on the post judgement motions was held on February 7, 2001, at which time numerous exhibits relating to the financial status of the parties were introduced and testimony was given by the plaintiff and the defendant. Based upon a careful review of the evidence presented, the court finds the following facts.
The defendant is a machinist and has been employed by the Barnes Aerospace Co. since 1980. His income for the years 1998, 1999, and 2000, was $61,099.47, $50,941.61 and $35,773.63 respectively. His income was reduced in 2000 because he was unable to work for a ten-week period due to a work related injury. He received workman compensation benefits during that time. The defendant subsequently returned to full time employment and has been working on a full time basis for at least the past eight months. He currently works a regular 40 hour week plus approximately five overtime hours per week resulting in a gross weekly wage of $943.00. That provides him a current annual gross income of approximately $49,000 per year.
The plaintiff is also employed on a full time basis as a payroll and CT Page 2400 benefits specialist at Keeney Manufacturing. She has a gross weekly wage of $673.00 which gives her an annual gross income of approximately $35,000. Her child care cost for the two children is $125.00 per week.
The plaintiff provides living space in her house for a male companion. The evidence is that his only contribution to the household expenses is approximately 25 percent of the heating costs and some of the food costs. He does not assist the plaintiff in paying the mortgage, taxes, or other regular expenses. The plaintiff and her live-in companion also share a joint checking account and both parties make deposits and withdrawals from this account. However, with the exception of checks written by the live-in companion for his child support related obligations, no credible evidence was produced concerning exactly how each party uses the joint checking account. The court does not find it proven from the evidence that either individual ever used any of the funds deposited into the checking account by the other party for his or her own purposes. The court finds that the fact the parties share a joint checking account is inconsequential. There is no credible evidence that the plaintiff receives any significant assistance from this individual, financial or otherwise.
Both parties submitted financial affidavits and child support guideline worksheets, as well as proposed orders, to the court. The differences in the financial affidavits and the child support guideline worksheets are minimal. Both parties agree that the plaintiff's current income is approximately $34,000 per year and that the defendant's income is approximately $49,000 per year. Both agree that the guidelines provide for child support from the noncustodial parent in the amount of between $188 and $195 per week
The defendant proposes that he should be entitled to an adjustment to the recommended amount of support pursuant to the child support guidelines because the children spend 110 days, or 30% of their time, with him. The child support guidelines do consider situations which provide for judicial discretion to deviate from the recommended child support. One such situation involves a noncustodial parent who exercises visitation and physical care of the children for periods "substantiallyin excess of a normal visitation schedule." The guidelines consider a "typical" normal visitation to be, "two overnights on alternate weekends; alternate holidays; some vacation time; and other visits of short duration, which may occasion an overnight stay during the week." Thus, a typical annual visitation schedule under the guidelines would be twenty-four weekends equaling forty-eight days, and two weeks of vacation time equaling fourteen days. After adding to those numbers the nebulous provisions relating to alternate holidays and other visits of a short duration, the total number of "typical" annual visitation days could be CT Page 2401 from sixty-two to more than one hundred days, depending upon the circumstances.
In this case, the visitation schedule agreed to by the parties at the time of dissolution provides that the parties are to have joint custody of the children but that the physical residence of the children shall be with the mother, subject to a detailed visitation schedule for the father. This results in the children being with their father for approximately 110 days per year. The court finds that to be neither unique, unusual, nor substantially in excess of the "typical" visitation schedule. Furthermore, there was insufficient credible evidence presented to prove that this visitation schedule substantially reduces the custodial parent's expenses for the children or substantially increases such expenses for the noncustodial parent. The court does not find sufficient justification for any significant deviating from the established child support guidelines in this case.
The previous orders of the court relating to child support and child care matters in this case are modified to reflect and implement the following orders of the court.
(1) The defendant shall pay to the plaintiff the sum of $185.00 per week in total child support for the minor children, payable by immediate wage execution. While the court ordered child support is 5% less than that recommended under the guidelines, this modest reduction is reasonable given the respective financial and parenting circumstances of the parties.
(2) The defendant shall contribute 41% (currently $51.00 per week) of the child care costs for the minor children, payable directly to the plaintiff on a weekly basis.
(3) The defendant shall be responsible for the payment or reimbursement of 41% of all non reimbursed medical and health care expenses for the minor children after the payment of the first $100 each year, by the plaintiff.
(4) The plaintiff's post judgement motion seeking to be permitted to claim one of the minor children as an exemption for tax purposes is denied. The comprehensive written agreement of the parties at the time of dissolution included a provision that the defendant would be able to claim both children as exemptions for tax purposes. That agreement was adopted by the court and incorporated into its judgement. It is questionable at best whether this court has the authority to grant a post judgement motion to modify that agreement and order, but even if the court had that authority there is insufficient reason to do so. The CT Page 2402 evidence does not reflect any substantial changes in circumstances or facts, or any substantial equitable reason to justify such a modification.
(5) Both parties are seeking attorneys' fees in this case. The court finds that neither post judgement motion for a modification of child support was frivolous nor unreasonable based upon the changes in the financial circumstances of the parties. Both parties are capable of paying for their own legal expenses. The cross motions for attorneys' fees are denied.
By agreement of the parties, these orders are retroactive to November 3, 2000.
Terence A. Sullivan Superior Court Judge